UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DON R. EPSTEIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JETSMARTER, INC., DAVID SHERIDEN, and JOHN DOES 1-4,<br><br>　　　　　　Defendants. | **Civil Action No.** _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that Defendants JetSmarter, Inc. and David Sheriden (collectively, "JetSmarter") hereby remove the state court action captioned: *Don R. Epstein v. JetSmarter, Inc., et al.*, bearing index no. 151673/2019, filed in the Supreme Court of New York, County of New York, and all claims and causes of action therein, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

## I.　REMOVAL JURISDICTION

1.　This action may be removed to this Court by JetSmarter pursuant to the provisions of 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

2.　Removal to the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. § 1391 and 1446(a).

## II.    RELEVANT PROCEDURAL FACTS

3. Plaintiff Don R. Epstein ("Plaintiff") filed his verified complaint (the "Complaint") on February 14, 2019 in the Supreme Court of New York, County of New York, captioned: *Don R. Epstein v. JetSmarter, Inc., et al.*, bearing index no. 151673/2019 (the "State Action"). Plaintiff alleges two separate causes of action: (1) fraudulent inducement; and (2) exemplary damages.

4. On March 5, 2019, Plaintiff effectuated service of the Complaint upon Defendant JetSmarter, Inc. *See* Declaration of Jenna Gushue, attached hereto as Exhibit 1, (hereinafter, "Gushue Decl."), at ¶ 3.

5. On March 12, 2019, Plaintiff effectuated service of the Complaint upon Defendant David Sheriden. *See* Declaration of David Sheriden (hereinafter, "Sheriden Decl."), attached hereto as Exhibit 2, at ¶ 2.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders served upon such Defendant[s]," including the Complaint are attached to this Notice of Removal as Exhibit 3.

## III.   TIMELINESS OF REMOVAL AND CONSENT OF ALL DEFENDANTS

7. A notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and Complaint. *See* 28 U.S.C. 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the Summons and Complaint). Here, this Notice of Removal is being filed within 30 days of March 5, 2019, the date the first defendant, JetSmarter, Inc., was served with the Summons and Complaint. As such, this Notice of Removal is timely.

8. Aside from Defendants JetSmarter, Inc. and David Sheriden, there are no other

defendants named in the State Action other than fictitiously named defendants. All Defendants named in this action join in and consent to this Removal. *See* Ex. 2 (Sheriden Decl.); *see also* Gushue Decl. at ¶ 5. Removal of this action to the United States District Court for the Southern District of New York is therefore timely and proper.

## IV. VENUE

9. Removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place in which the state-court case was pending. This is a civil suit brought in New York state court. The action is currently pending in New York County, New York, and accordingly, under 28 U.S.C. § 110, the United States District Court for the Southern District of New York is the proper forum for removal because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## V. JURISDICTION

10. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and it may be removed to this Court under 28 U.S.C. § 1441 and 1446. In accordance with 28 U.S.C. § 1332, this Court has jurisdiction over this case because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Plaintiff's Citizenship is Diverse from Defendants' Citizenship

11. The Complaint provides that Plaintiff Don R. Epstein is an individual who resides in the City, County and State of New York. *See* Ex. 3 (Complaint) at ¶ 1.

12. Defendant JetSmarter is a Delaware corporation, with its principal place of business located at 500 East Broward Blvd., Suite 1900, Fort Lauderdale, Florida 33394. Defendant JetSmarter is, therefore, a citizen of Delaware and Florida for the purpose of

determining removal jurisdiction under 28 U.S.C. § 1332(c).  *See* Gushue Decl. at ¶ 2.

13. Defendant David Sheriden currently resides in the State of Florida.  As such, for purposes of determining removal jurisdiction, he is a citizen of Florida.  *See* Sheriden Decl. at ¶ 3.

14. The Complaint names as defendants "JOHN DOES 1-4."  JetSmarter is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Complaint.  Thus, these fictitiously named defendants are not parties to this action.  Additionally, for purposes of removal, "the citizenship of Defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

15. Accordingly, Plaintiff is a citizen of a state different from the named Defendants (*i.e.*, New York) and, as such, complete diversity exists.

### B.  The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

16. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.  The Complaint seeks damages of "no less than $45,000" as to the first cause of action and an "amount of at least $135,000" as to the second cause of action.  Thus, Plaintiff seeks damages totaling in excess of $180,000 plus attorneys' fees and interest.  *See* Ex. 3 (Complaint), at ¶ a-b of Plaintiff's Prayer for Relief.

17. Based on the foregoing, the amount in controversy in this matter well exceeds the jurisdictional minimum of $75,000.  Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

### VI. NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

18. Contemporaneously with the filing of this Notice of Removal in the United States

District Court for Southern District of New York, a written notice of the removal will be provided by the undersigned to Plaintiff's counsel of record, Lawrence E. Fabian, Esq., Law Offices of Lawrence E. Fabian, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).  The notice provided to the Supreme Court of New York is attached hereto as Exhibit 4.

## VII. CONCLUSION

19. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b).  Accordingly, JetSmarter respectfully requests that the above-entitled action now pending against it in the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York.

Respectfully submitted,

By: */s/ Ronald A. Giller*
Ronald A. Giller, Esq.
Daniel J. DiMuro, Esq.

**GORDON REES SCULLY MANSUKHANI, LLP**
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Phone No.: (973) 549-2500
Fax No.: (973) 377-1911
Email: rgiller@grsm.com
Email: ddimuro@grsm.com

*Attorneys for Defendants JetSmarter, Inc. and David Sheriden*

Dated:  April 3, 2019